363 P.2d 199

In the Matter of the General Determination of All The Rights To The USE OF WATER Both Surface and Underground, WITHIN the DRAINAGE AREA OF the GREEN RIVER in Daggett, Summit and Uintah Counties, in Utah.

Appeal of Harry D. BUCKLEY and Marietta Buckley, his wife, and Joseph C. Hickey and Erma Hickey, his wife, Appellants.

No. 9218.

Supreme Court of Utah.

July 6, 1961.

2d 1, 361 P.2d 407; as to review in equity generally see Nokes v. Continental Mining & Milling Co., 6 Utah 2d 177, 308 P.2d 954.

E. J. Skeen, Salt Lake City, for appellants.

Walter L. Budge, Atty. Gen., Richard R. Boyle, Asst. Atty. Gen., Glen M. Hatch, Heber, Dwight L. King, Salt Lake City, for respondents.

CALLISTER, Justice.

Harry D. Buckley and Marietta Buckley, his wife, and Joe C. Hickey and Erma Hickey, his wife, appeal from an interlocutory decree entered in a statutory suit for the general determination of water rights in the Green River drainage area. The lower court dismissed appellants' objections to certain water rights which the State Engineer had awarded the respondents, Larry Bullock and J. Alden Olsen, in his proposed determination. The lower court confirmed the State Engineer's determination as to the water rights of the respondents on the ground that their contested rights had been acquired by adverse use.

All of the parties here involved own ranches in the Green River drainage area. The Olsen and Bullock ranches are located entirely within Uinta County, Wyoming, their southern boundaries being the Utah-Wyoming state line. The greater part of the Buckley ranch is in Summit County, Utah, with the state line a part of its north boundary which is contiguous with the south boundary of the Bullock ranch. The eastern portion of the Buckley ranch juts northward into Wyoming. The Hickey ranch is to the south of the Buckley ranch and is entirely within the state of Utah.

All of the ranches use water from the West Fork of Beaver Creek which is located, as are the points of diversion, in Summit County, Utah. Bullock and Olsen divert water from the creek by means of the "Whipple Ditch" which heads about two miles south of the state line, proceeds northward through portions of the Hickey and Buckley ranches and crosses the line into the Bullock ranch. Points of diversion from the creek to serve the Buckley and Hickey ranches are located both upstream and downstream from the head of Whipple Ditch.

The water rights awarded to the Bullocks by the lower court are listed in the State Engineer's priority schedule as follows:

| Priority | Flow cfs. | Ditch (Source) | Claimant | Total Acres |
|---|---|---|---|---|
| 1899 | 2.00 | Whipple Ditch (West Fork Beaver Creek) | Larry R. & Arletta Bullock | 474.80 1.60 |
| 1900 | 2.00 | Whipple Ditch (West Fork Beaver Creek) | Larry R. & Arletta Bullock | 474.80 1.60 |
| 1906 | 2.50 | Whipple Ditch (West Fork Beaver Creek) | Larry R. & Arletta Bullock | 474.80 1.60 |

The court awarded Olsen (who is the successor in interest to Don Clyde) the following water right as set forth in the State Engineer's proposed determination:

| Priority | Flow cfs. | Ditch (Source) | Claimant | Total Acres |
|----------|-----------|----------------|----------|-------------|
| 1902 | 3.00 | Whipple Ditch (West Fork Beaver Creek) | Don Clyde | 79.40 70.30 85.70 |

Appellants concede that the water right of the Bullocks to 2cfs. with a priority of 1899 is a valid diligence right. However, with respect to the other water rights awarded to respondents, they contend the evidence is insufficient to support the lower court's decree. That decree reads, in part, as follows:

"* * * the Court, having heard the evidence offered by the respective parties and being fully satisfied in the premises, finds that the water rights awarded to each of the parties herein are fully supported by the evidence both as to amounts and quantities of water, as to dates of priority and as to the extent of the use upon the lands of the parties herein; and the Court further finds that such use has continued to the present time and specifically the Court finds that as to the parties herein there has been a use of water substantially as set forth in the said Proposed Determination that has been continuous, uninterrupted, under claim of right, open, notorious, hostile and adverse to the claims and rights of each of the protestants herein and that such use has occurred during a period of at least fifteen years immediately preceding the year 1939; [1] * * * "

The evidence at the trial concerning adverse use and priorities was, as is usually the case, in conflict. However, upon this appeal we must view the evidence in the light most favorable to the lower court's determination.

The Whipple Ditch was constructed about 1899. There is competent evidence in the record that from approximately that year and up to the present time water has been diverted from the West Fork of Beaver Creek to what is now known as the Olsen and Bullock ranches. The water is conveyed to the Olsen ranch by means of an extension known, as the Alan Bullock Ditch, from the Whipple Ditch.

1. Chapter 111, Laws of Utah 1939 amended the then existing law to prohibit acquisition of water rights by adverse use (Amendment embodied in 73-3-1, U.C.A. after the effective date of that act. 1953.)

As the need for additional water developed, the owners of the Olsen and Bullock ranches would increase the amount of water that they were diverting. There is evidence to the effect that by the year 1925 the acreage being irrigated on both ranches is substantially the same as the total number of acres being irrigated at the present time. Also that the amount of water diverted for irrigation in 1925 is the same as is now being diverted and set forth in the State Engineer's proposed determination.

■ Prior to 1939 a water right could be acquired by proof of an adverse use against an existing right or rights. The presumption is against the acquisition of such a right, and therefore the burden of proof is upon the party asserting adverse use.[2] This burden is satisfied and the right of the adverse user established upon proof of seven years' continuous, uninterrupted, hostile, notorious, adverse enjoyment which was asserted under a claim of title, with the knowledge and acquiescence of the person having the prior right.[3] The trial court concluded, from the evidence presented, that the claim of adverse use by the respondents was established. It would serve no useful purpose in this opinion to set forth in any detail the evidence relating to adverse use. Suffice it to say, we have carefully examined the record and find ample proof to sustain the lower court's determination that there was sufficient evidence of adverse use to support the award made by the State Engineer in each instance.

■ Appellants also contend that the decree of the lower court is not supported by findings of fact and conclusions of law as required by our civil rules of procedure.[4] This contention is without merit. The proposed determination of the State Engineer contains all the items required by Chapter 4, Title 73, U.C.A.1953, to define the water rights of the parties involved. The trial court adopted the findings contained in the proposed determination and incorporated them in its decree. This is sufficient. If this were not so, the trial court would be needlessly compelled to duplicate the State Engineer's proposed determination.

Affirmed. Costs to respondents.

WADE, C. J., and HENRIOD, McDONOUGH and CROCKETT, JJ., concur.

2. Wellsville East Field Irrigation Co. v. Lindsay, 104 Utah 448, 137 P.2d 634.
3. Smith v. North Canyon Water Co., 16 Utah 194, 52 P. 283, 286.
4. Rule 52(a) U.R.C.P.: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall, unless the same are waived, find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment."